IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIM. ACTION NO.  4:13-453 |
| | § | |
| MARCO MORENO-AGUIRRE | § | |

## **MEMORANDUM AND ORDER**

Marco Moreno-Aguirre has filed a "*Pro Se* Motion to Determine Eligibility for Relief under Supreme Court Case *Johnson v. United States*, 135 S. Ct. 2551 (2015)" [Doc. # 52], which the Court construes as a motion under 28 U.S.C. § 2255.  Moreno-Aguirre currently is imprisoned based on a sentence imposed by this Court and requests that the Court review his sentence in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct 2551 (2015), which held that the "residual clause" in 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague.

On August 26, 2013, Moreno-Aguirre pleaded guilty to brandishing a firearm during a "crime of violence," to wit, hostage taking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1]  The statute provides for a sentence of "not less than 7 years" for

---

[1] Information [Doc. # 22] (identifying the underlying "crime of violence" as hostage taking in violation of 18 U.S.C. § 1203).

persons who brandished a firearm. 18 U.S.C.A. § 924(c)(1)(A)(ii).[2] On or about March 27, 2014, this Court sentenced Moreno-Aguirre to sixty months confinement, departing downward from the statutory minimum with the Government's agreement. *See* Sentencing Minutes [Doc. # 49].

The term "crime of violence" in Section 924(c)(1), under which Moreno-Aguirre was sentenced, is defined in Section 924(c)(3):

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and–
>
> (A)   has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "use of force clause"], or
>
> (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"]).

Moreno-Aguirre argues that the "residual clause" in Section 924(c) is similar to the residual clause in Section 924(e), construed in *Johnson*, and thus that *Johnson* mandates relief in his case.[3]

---

[2]   Under the United States Sentencing Guidelines, the guideline sentence was the statutory minimum term, or seven years (84 months). *See* U.S.S.G. § 2K2.4(b).

[3]   The record does not indicate clearly whether Moreno was sentenced under Section 924(c)'s use of force clause or under the residual clause. For purposes of this motion, the Court will assume that he was sentenced under the residual clause. Of course, if Moreno was sentenced under the use of force clause, *Johnson*'s holding concerning Section 924(e)'s residual clause has no application. *See In re Hines*, 824 F.3d 1334
(continued...)

The Supreme Court's holding in *Johnson*, 135 S. Ct. 2551, does not entitle Moreno-Aguirre to relief from his sentence. *Johnson* held that the residual clause in 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague. The *Johnson* Court thus specifically construed the language of Section 924(e):

> [T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– . . . . is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Section 924(c), under which Moreno-Aguirre was sentenced, contains a similar—but not identical—residual clause:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and– . . . that by its nature, ***involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense***.

18 U.S.C. § 924(c)(3)(B) (emphasis added).

The Fifth Circuit has not squarely considered whether *Johnson*'s holding and reasoning are applicable to the residual clause in Section 924(c). However, the Fifth Circuit *en banc* recently construed a residual clause with language identical to Section 924(c)(3)(B), and concluded that phrase in issue was not unconstitutionally vague

---

3   (...continued)
    (11th Cir. 2016).

under the reasoning in *Johnson*. *See U.S. v. Gonzalez-Longoria*, 2016 WL 4169127 (5th Cir. Aug. 5, 2016) (en banc) (construing 18 U.S.C. § 16(b)).  The *Gonzalez-Longoria* Court held that the residual clause language in Section 16(b) differed in several material respects from the language in Section 924(e) construed by *Johnson*, and thus that *Johnson*'s reasoning was not controlling regarding Section 16(b). Because the residual clause language in Section 924(c)(3)(B) is identical to that in Section 16(b),[4] the holding in *Gonzalez-Longoria* forecloses Moreno-Aguirre's argument in this case.[5]

For the foregoing reasons it is hereby

**ORDERED** that Moreno-Aguirre's "*Pro Se* Motion to Determine Eligibility for Relief under Supreme Court Case *Johnson v. United States*, 135 S. Ct. 2551 (2015)" [Doc. # 52] is **DENIED**.

SIGNED at Houston, Texas, this **25th** day of **August, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] *See* 18 U.S.C. § 16(b) ("The term 'crime of violence means– . . . any other offense that is a felony and that, by its nature, ***involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense***") (emphasis added).

[5] *See also U.S. v. Hill*, 2016 WL 4120667 (2d Cir. Aug. 3, 2016) (holding that *Johnson*'s reasoning is inapplicable to Section 924(c)(3)); *U.S. v. Taylor*, 814 F.3d 340 (6th Cir. 2016) (same).  *But see U.S. v. Edmundson*, 153 F. Supp. 3d 857, 862 (D. Md. 2015) (holding that Section 924(c)(3)'s residual clause is unconstitutionally vague under *Johnson*).